F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHNNIE M. SLOAN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5064
(D.C. No. 95-CV-604-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Kenneth S.
Apfel, Commissioner of Social Security, is substituted for Donna E. Shalala,
Secretary of Health and Human Services, as the defendant in this action.
Although we have substituted the Commissioner for the Secretary in the caption,
in the text we continue to refer to the Secretary because she was the appropriate
party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Johnnie M. Sloan appeals from the magistrate judge's order[1] affirming the Secretary's denial of his claim for disability insurance benefits at step five of the five-part process for determining disability, see 20 C.F.R. § 404.1520. We review the Secretary's decision to determine whether factual findings are supported by substantial evidence and whether correct legal standards were applied. We may not reweigh the evidence or substitute our judgment for that of the Secretary. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

## BACKGROUND

Mr. Sloan alleges that he has been disabled since April 1987,[2] due to degenerative disc disease, arthritis, high cholesterol, pain, numbness, depression, and nerves. At the hearing before the administrative law judge (ALJ), he

---

[1] The parties consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

[2] To be entitled to disability benefits, claimant must have become disabled on or before December 31, 1992, the date he was last insured for disability insurance benefits.

explained his claimed physical impairments and provided additional information on his claimed mental impairments.

The testimony revealed that Mr. Sloan had a severe schizophrenic reaction while serving in Vietnam in 1969. He was evacuated, treated, discharged from the military as undesirable, and awarded 50% service-connected disability pay. After his discharge, Mr. Sloan worked as a mechanic, truck driver, and electrical maintenance worker until April 1987, when his back problems allegedly prevented him from working at any job. Although he has received regular medical attention for physical problems, he has not sought mental health treatment in the last four or five years. He testified, however, that he has difficulty relating to the public, neighbors, co-workers, and supervisors. He also stated that his medications sometimes make him drowsy and dizzy.

In additional testimony relevant to the mental impairment claim, Mr. Sloan stated that, during an orthopedic examination ordered by the Secretary, the consulting physician attempted to inject him with sodium pentothal to see if he was telling the truth. The ALJ observed, however, that the orthopedist's report reflected a normal examination.

In hypothetical questions to the vocational expert, the ALJ asked about the existence of jobs in the national economy for an individual with Mr. Sloan's skills and experience, who can sit, stand, and walk up to six hours in an eight-hour day

and able to reach, grasp, and lift up to ten pounds frequently. This individual was afflicted with chronic pain and taking medication, but could remain attentive, responsive, and reasonably alert. The proposed jobs should be without excessive contact with the public and with only superficial contact with supervisors and co-workers. In response, the vocational expert named multiple jobs that the hypothetical individual could perform.

After the hearing, the ALJ directed John W. Hickman, Ph.D., to perform a mental evaluation. Dr. Hickman reported that claimant had somatoform pain disorder and undifferentiated schizophrenia in remission. Although Dr. Hickman noted that claimant appeared to be having some delusional thoughts, he concluded that claimant could perform work-related activities in a regular work setting, with limitations on using judgment with the public and behaving in an emotionally stable manner.

In his written decision, the ALJ found that the claimant had (1) a severe impairment consisting of a marked disc bulge at L4-5, but no impairment or combination of impairments that met, or was equal to, a social security listing; (2) limitations on lifting ability; and (3) mild depression that would not affect work-related activities. The ALJ concluded that Mr. Sloan could not return to his past relevant work due to limited lifting ability, but could perform the full range of light work. Based on the vocational expert's testimony, the ALJ determined that

a significant number of jobs existed in the national economy that the claimant could perform, despite his impairment and limitations on dealing with others. Accordingly, he ruled that claimant was not disabled.

## DISCUSSION

On appeal, Mr. Sloan raises three arguments: (1) the ALJ failed to develop the record, in that it did not contain medical records from 1969 through 1976; (2) the ALJ should have found that claimant was disabled under the social security listings; and (3) the ALJ's hypothetical questions to the vocational expert were improper and he failed to consider the vocational expert's cross-examination testimony. We disagree.

In evaluating a claim that the ALJ breached the duty to develop the record, the key inquiry is whether the record is sufficient to ascertain the nature of the claimant's impairments, ongoing treatments and medications, and the impact of the impairments on the claimant's daily activities. See Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). At the time the ALJ issued his decision, the record contained documentation of Mr. Sloan's medical care from four years before the October 2, 1992 application date, to a year after that date. See 20 C.F.R. § 404.1512(d) (requiring ALJ to develop a medical record by obtaining medical evidence for at least the twelve months before the application date). The record also included Dr. Hickman's report of the post-hearing mental evaluation.

-5-

See Hawkins v. Chater, 113 F.3d 1162, 1168-69 (10th Cir. 1997) (discussing duty to order a consultative examination if hearing testimony raises an issue of plaintiff's physical, mental, or psychological capacity). The record contained sufficient medical evidence to evaluate Mr. Sloan's mental disorder without the twenty-year-old medical records.

Mr. Sloan's second contention is that the ALJ erred at step three in failing to find that, due to mental impairment and pain, he was disabled pursuant to social security listing 12.04 (affective disorders), 20 C.F.R. Pt. 404, Subpt. P, App. 1.[3] The ALJ's conclusion, however, is supported by Dr. Hickman's report

---

[3]  Section 12.04 sets out a two-part test that must be met before a claimant may be found to suffer from a disabling mental disorder. The . . . first prong of the test . . . establishes a loss of specific cognitive abilities or affective changes: depressive syndrome characterized by sleep disturbance, decreased energy, feelings of guilt or worthlessness, and thoughts of suicide. The second prong requires that the condition result in at least two of the following:

1. Marked restriction of activities of daily living;  or

2. Marked difficulties in maintaining social functioning;  or

3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

4. Repeated episodes in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

(continued...)

that, in spite of his earlier schizophrenic episode and current delusional thinking, "Mr. Sloan is quite competent in carrying out activities of daily living. . . . He is capable of doing simple or moderately complicated routine jobs that do not stress social functioning or require heavy lifting." II Appellant's App. at 225-26. The contrary evidence was plaintiff's testimony, which the ALJ considered and found inconsistent with the record as a whole. The ALJ's determination is supported by substantial evidence.[4]

Finally, Mr. Sloan argues that the ALJ's hypothetical questions to the vocational expert failed to include all of his limitations, and that the ALJ failed to consider the vocational expert's testimony on cross-examination. Our review of the record indicates that this argument is meritless. The ALJ's questions included the limitations that he found were supported by the record; the questions asked by Mr. Sloan's representative assumed as true all his testimony about his mental and physical impairments. Accordingly, the testimony of the vocational expert provided substantial evidence of a significant number of jobs in the national

_____

[3](...continued)
Hargis v. Sullivan, 945 F.2d 1482, 1487 (10th Cir. 1991) (quoting 12.04 B) (footnote omitted).

[4] In his appellate brief, Claimant focuses his argument on the theory that the ALJ failed to evaluate the mental impairment evidence under the standards of 20 C.F.R. § 404.1520. See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995). Because claimant raises this argument for the first time to this court, we do not address it. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

economy that Mr. Sloan could perform. <u>See</u> <u>Decker v. Chater</u>, 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record); <u>Talley v. Sullivan</u>, 908 F.2d 585, 588 (10th Cir. 1990) (the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ).

For the reasons stated above, the judgment of the district court is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge