F I L E D
United States Court of Appeals
Tenth Circuit

FEB 26 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMMY GRAY,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

     Defendant-Appellee.

No. 97-7081
(D.C. No. 96-CV-165)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

     After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Sammy Gray appeals from the district court's order affirming the Commissioner's decision denying his claim for disability insurance benefits at step five of the five-part process for determining disability, see 20 C.F.R. § 404.1520.  Claimant alleged disability since October 31, 1992, because of back and knee pain and hearing loss.  Through an administrative law judge (ALJ), the Commissioner determined that claimant had a past history of injuries to his back, including a lumbar fusion, injuries to his knees, probable degenerate joint disease and bilateral hearing loss.  The ALJ determined that claimant was unable to perform his past work as a welder, equipment operator, truck driver or construction laborer, but retained the residual functional capacity (RFC) to perform the requirements of sedentary work, with opportunities to change position from sitting to standing, except for jobs requiring acute auditory abilities.  The ALJ considered the medical-vocational guidelines (grids), 20 C.F.R., Pt. 404, Subpt. P, App. 2, and vocational expert (VE) testimony and determined that a significant number of jobs exist that claimant could perform, compelling a conclusion that claimant was not disabled.

Claimant argues on appeal that substantial evidence does not support the Commissioner's decision because the ALJ (1) failed to give proper consideration

to claimant's combination of impairments and to evaluate properly his allegations of pain and improperly relied upon the grids, and (2) failed to pose hypothetical questions to the VE that accurately reflected his impairments. We review the Commissioner's decision to determine whether factual findings are supported by substantial evidence and whether correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

I.

Claimant first contends that the ALJ failed to give proper consideration to claimant's combination of impairments and to evaluate properly his allegations of pain. See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991) (Commissioner must consider the combined effects of impairments). A review of the ALJ's opinion shows that he did consider all of claimant's alleged impairments in combination. The ALJ found that claimant's impairments do not, singly or jointly, preclude the performance of substantial gainful employment. The ALJ discussed all of claimant's impairments in his evaluation of claimant's RFC and the credibility of claimant's subjective complaints of disabling pain.

Contrary to claimant's contention, this is not a case in which the ALJ relied upon "the absence of evidence" to reach his decision. See Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). The ALJ described the evidence in the

record upon which he based his conclusion that claimant could perform work at the sedentary exertional level.[1]  This evidence included an RFC assessment indicating that claimant could lift ten pounds, sit for six hours in an eight-hour workday, had no postural, manipulative or visual limitations, but did have limited hearing.  The ALJ also considered the findings of a physical examination that claimant had no joint deformities, had a normal gait and did not need any device to walk, had good gross and fine motor skills, and good range of motion with his knees, though he had stiffness and pain with movement.  The ALJ considered claimant's daily activities, which included house cleaning, animal feeding, and driving.  The ALJ discussed the medical evidence that despite claimant's hearing loss, he was able to hear conversation with a hearing aid in his right ear.  The ALJ also noted that observations of treating and examining physicians and objective test results did not reveal claimant to have disabling functional limitations.  To the extent claimant seeks to challenge the weight the ALJ gave to the evidence, his argument must fail.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991) (on appellate review, we can neither

---

[1]  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

reweigh the evidence nor substitute our judgment for that of the ALJ). We find

no error.

Claimant further argues that the ALJ improperly evaluated his subjective

complaints of disabling pain. The ALJ applied the familiar framework for

evaluating pain allegations.[2] See Kepler v. Chater, 68 F.3d 387, 390 (10th Cir.

1995). Though the ALJ did not state whether the objective evidence established

a pain-producing impairment or whether there was a loose nexus between that

impairment and claimant's subjective complaints of pain, there appears to be

---

[2]     The framework for evaluating evidence of disabling pain is
well-established:

> [The ALJ] must consider (1) whether Claimant established a
> pain-producing impairment by objective medical evidence; (2) if so,
> whether there is a "loose nexus" between the proven impairment and
> the Claimant's subjective allegations of pain; and (3) if so, whether
> considering all of the evidence, both objective and subjective,
> Claimant's pain is in fact disabling.

Kepler, 68 F.3d at 390 (quotations omitted). Once the ALJ finds objective
medical evidence of a pain-producing ailment, he must consider:

> the levels of medication and their effectiveness, the extensiveness of
> the attempts (medical or nonmedical) to obtain relief, the frequency
> of medical contacts, the nature of daily activities, subjective
> measures of credibility that are peculiarly within the judgment of the
> ALJ, the motivation of and relationship between the claimant and
> other witnesses, and the consistency or compatibility of nonmedical
> testimony with objective medical evidence.

Id. at 391 (quotations omitted).

sufficient objective medical evidence of pain-producing impairments and a nexus with claimant's subjective complaints to proceed to the final step of the analysis.

The ALJ considered the objective medical evidence, claimant's testimony and his daily activities, use of medication, and frequency of medical contacts. See Kepler, 68 F.3d at 391. The ALJ appropriately discussed in detail what evidence led him to believe that claimant's pain was not as severe as he alleged. In addition to claimant's description of his daily activities, described above, the ALJ noted that claimant took only Tylenol for his pain, rather than any strong prescription medications, even though there was no evidence he would have adverse side effects from stronger medication. The ALJ determined that the medical evidence and objective test results did not reveal disabling functional restrictions caused by pain. The ALJ's credibility findings regarding pain are closely and affirmatively linked to substantial evidence and are not merely conclusory, see Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988), thus we defer to those findings, cf. Kepler, 68 F.3d at 391. The record provides substantial evidence in support of the ALJ's determination that claimant's pain was not disabling. We see no reversible error in the ALJ's pain or credibility analysis.

II.

Claimant next contends that the ALJ improperly relied on the grids because his limitations do not specifically match a certain work level. Claimant misstates the law when he argues that the grids cannot be applied as a framework for decision making under such circumstances. Where a claimant's RFC matches the criteria of a particular work level, the grids may be applied conclusively. See Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir. 1992). Where a claimant cannot perform the full range of a certain work level, however, the grids may be used only as a framework for decision making, and vocational testimony should be obtained. Id. at 1333.

Here, the ALJ did not exclusively rely on the grids. Because the evidence showed that claimant could not perform the full range of sedentary work, the ALJ secured vocational testimony and used the grids merely as a framework for his conclusions. As this is the required procedure, there was no error.

Claimant next argues that any reliance on the VE's testimony is improper because the hypothetical questions eliciting that testimony by the ALJ and claimant's former counsel did not reflect all of claimant's impairments. See Hargis, 945 F.2d at 1492 ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute

substantial evidence to support the [Commissioner's] decision.") (quotation omitted).

The ALJ thoroughly analyzed the medical evidence and concluded that the evidence supported a finding that claimant could perform the requirements of sedentary unskilled work, with opportunities to change position from sitting to standing, except for jobs requiring acute auditory abilities. The ALJ included these restrictions in his hypothetical questions to the VE. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions to the VE need only reflect impairments and limitations that are borne out by the evidentiary record). The VE then identified microfilm document preparer and an envelope addresser as jobs claimant could perform with his hearing loss and in which he would have an opportunity to sit or stand. The VE testified that a total of 675 such jobs exist in Oklahoma and 27,000 exist nationally. The VE's testimony, therefore, provided substantial evidence supporting the ALJ's denial of benefits. The ALJ need not present to the VE the details of the medical evidence that supports such restrictions to satisfy the applicable legal standards.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge