# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                          Elisabeth A. Shumaker
Clerk                                                            Chief Deputy Clerk

June 21, 1996

**TO:** ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:** 95-3259 Decker v. Chater
April 15, 1996 by The Honorable Deanell R. Tacha

Please be advised of the following correction to the captioned decision:

The file stamp date appearing on the published opinion is incorrect.  The correct date is April 15, 1996.

Please make the appropriate correction to your copy.

Very truly yours,

Patrick Fisher, Clerk

Beth Morris
Deputy Clerk

UNITED STATES COURT OF APPEALS

**Filed 4/15/96**

TENTH CIRCUIT

DONALD D. DECKER,

        Plaintiff-Appellant,

v.

No. 95-3259

SHIRLEY S. CHATER, Commissioner of
Social Security,[*]

        Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 94-CV-4247)

Submitted on the briefs:

Roger D. Fincher, Topeka, Kansas, for Plaintiff-Appellant.

Randall K. Rathbun, United States Attorney, Jackie A. Rapstine, Assistant United States
Attorney, Topeka, Kansas (Frank V. Smith III, Chief Counsel, Region VII, Social
Security Administration, Lisa A. Thomas, Assistant Regional Counsel, Kansas City,
Missouri, of Counsel), for Defendant-Appellee.

---

    [*]      Effective March 31, 1995, the functions of the Secretary of Health and Human
Services in social security cases were transferred to the Commissioner of Social Security.
P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of
Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services,
as the defendant in this action. Although we have substituted the Commissioner for the
Secretary in the caption, in the text we continue to refer to the Secretary because she was the
appropriate party at the time of the underlying decision.

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

TACHA, Circuit Judge.

Claimant Donald D. Decker appeals from the district court's order affirming the decision of the Secretary of Health and Human Services, denying in part his application for social security disability benefits. The Secretary found a closed period of disability from May 29, 1991, the date of Decker's injury, through December 15, 1992. The Secretary concluded, however, at step five of the five-step sequential evaluation process, that as of December 16, 1992, Decker's medical condition had improved to the point that he was able to perform a significant number of occupations existing in the local and national economies and was therefore no longer disabled.

Decker contends on appeal (1) that the administrative law judge's (ALJ) decision that he was not disabled after December of 1992 is not supported by substantial evidence, and (2) that, in reaching that decision, the ALJ improperly relied on testimony from a vocational expert that was solicited through an allegedly defective hypothetical question. We affirm.[1]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.
(continued...)

Our review of the Secretary's decision is limited to determining whether her findings of fact are supported by substantial evidence, and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).

Our review of the record reveals substantial evidence to support the ALJ's conclusion that Decker was no longer disabled after December 15, 1992. Decker's medical records indicate that, although he continued to complain of pain, his condition had improved enough by December of 1992 to enable him to engage in sedentary work. See Appellant's Supp. App. at 186, 239; 302 (out of order), 304 (out of order). Indeed, Decker himself testified at the hearing that there had been enough improvement to enable him to go back to work. Appellant's App. at 19. See also Appellant's Supp. App. at 137-40 ("Reconsideration Disability Report," signed by Decker, October 5, 1992) and at 143-44 ("Claimant's Statement When Request For Hearing Is Filed And The Issue Is Disability," signed by Decker, January 18, 1993).

Decker complains that the ALJ's determination was based on Decker's condition and limitations "as of and before December, 1992," Appellant's Brief at 13, rather than as

_____

[1](...continued)

See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

of June of 1993 "when his condition [had] deteriorated significantly after months of attempting to return to gainful employment," id. at 12. The record is clear, however, that the ALJ did not ignore the post-1992 period. At the hearing, most of the ALJ's questions to Decker were either broad enough to encompass the entire period of alleged disability up to the date of the hearing, see Appellant's App. at 19-22, 26-27, or specifically directed at the post-1992 period, see id. at 11-18, 19, 22, 23-26. The ALJ specifically inquired about Decker's alleged re-injury in June of 1993, id. at 14-15, 17, and about Decker's condition on the date of the hearing as compared to his condition in December of 1992, id. at 21-22, 29. In addition, it was the ALJ who noted the absence of any medical records related to the post-1992 period, and specifically asked for their submission before he closed the record. Id. at 16-17.

The ALJ's decision reflects not that he ignored the post-1992 period, but that he did not accept as true the evidence that Decker's condition had permanently and significantly worsened between December of 1992, when he first returned to work, and the date of the hearing. This conclusion enjoys substantial evidentiary support in the record. See Appellant's App. at 29 (Decker's testimony that his functional capacity was no different at the time of the hearing than in December of 1992), 27-28 (Decker's testimony concerning his willingness to try a job with exertional requirements applicable to sedentary work), 21-23 (Decker's testimony suggesting his pain situation was no worse on date of hearing than in December of 1992), 52 (chiropractor's letter noting Decker's

-4-

failure to follow work restrictions and stating that his condition "will definitely improve with him off work again").

Decker challenges the ALJ's finding that his testimony was only partially credible, claiming that the ALJ based his credibility determination at least in part on an erroneous conclusion that Decker attempted to conceal his post-December of 1992 employment. The plain language of the ALJ's decision does not permit this interpretation. It clearly reflects that, in assessing Decker's credibility, the ALJ appropriately considered medical evidence that was inconsistent with Decker's claim of total disability up to and including the date of the hearing. See Appellant's App. at 59. Decker also claims that the ALJ's credibility determination was inappropriately influenced by the fact that Decker failed to abide by the physical restrictions imposed by his doctor when he returned to work. We disagree. The failure to follow prescribed treatment is a legitimate consideration in evaluating the validity of an alleged impairment. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)(Secretary properly discounted claimant's alleged impairment due to poorly controlled seizures where claimant failed to follow prescribed treatment regime). The fact that Decker regularly exceeded the work restrictions recommended by his doctors was relevant to the credibility of his testimony concerning disabling pain.

Finally, Decker challenges the ALJ's reliance on the testimony of the vocational expert, citing the ALJ's failure to include in his hypothetical questions Decker's

-5-

purported ability to sit or stand for only fifteen minutes at a time and his purported need to lie down twice a day for thirty to forty-five minutes. Decker is correct that hypothetical questions in this context must reflect with precision all of his impairments, see Hargis, 945 F.2d at 1492, but they need only reflect impairments and limitations that are borne out by the evidentiary record, Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995). Here, we have already affirmed the ALJ's findings with respect to Decker's condition and his partial credibility. Because these findings are accurately reflected in the ALJ's hypothetical inquiries, the vocational expert's testimony provided substantial evidence that, as of December of 1992, there were a significant number of unskilled sedentary jobs in the local and national economies which Decker could perform.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.