UNITED STATES COURT OF APPEALS
**Filed 8/22/96**
FOR THE TENTH CIRCUIT

BOBBY DANDERSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 95-5237
(D.C. No. 94-C-423-W)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Bobby Danderson alleges disability due to back and leg pain.  His application for supplemental security income benefits was denied initially by the Social Security Administration and on review before an administrative law judge (ALJ).  The Appeals Council remanded the ALJ's first decision for reconsideration.  Upon reconsideration, the ALJ again determined Mr. Danderson to be not disabled, a decision left undisturbed by the Appeals Council.  Mr. Danderson then sought review in the federal district court where the administrative actions were upheld.  Mr. Danderson appeals from the district court's adverse ruling.  We exercise jurisdiction under 42 U.S.C. § 405(g) and affirm.

Mr. Danderson injured his back while working as a plumber, and eventually had back surgery to remove a ruptured disc.  Although he improved initially, Mr. Danderson began experiencing more back pain approximately six weeks after the surgery.  It was later determined that Mr. Danderson had a further ruptured disc.  Mr. Danderson was treated conservatively the second time, with heat, bed rest, prescription medications, and steroid injections.  Mr. Danderson did not have additional surgery nor was a surgical procedure ever recommended for him.  At

the time of the second administrative hearing in August 1993, he had not seen a doctor for treatment since June 1991 and was taking no medication of any sort.

Mr. Danderson lodges three basic objections to the decision of the ALJ: improper treatment of the medical evidence; error in finding Mr. Danderson to have transferrable skills; and improper use of the grids. With respect to the medical evidence, Mr. Danderson argues that the ALJ relied on a 1992 consultative exam to determine that he is not disabled. This is correct. The ALJ did rely on the 1992 consultative exam; but he also relied on all of the other medical evidence in the record, including the fact that other doctors had determined Mr. Danderson to be capable of light work, and that no doctor had limited his ability to walk, stand, or sit. The medical evidence of a possible second ruptured disc is unaccompanied by any related functional limitation. By August of 1992, the consultative physician could find no upper or lower extremity movement restrictions and "no restriction in the movement of the cervical dorsal and lumbar spine of any significant degree." App. Vol. II at 249. Further, this exam revealed negative straight leg raising bilaterally and "no neurological changes of the upper or lower extremities." Id.

Mr. Danderson objects to the ALJ's characterization of two doctors' reports as misleading and insufficient to support a conclusion that he can do light work. Dr. Voelkers, the back surgeon, in a letter dated three months after Mr.

Danderson's surgery, noted that "Mr. Danderson has been released to return to light duty at this time, as a letter from his employer states that he can be assigned basically bench work with light-weight material." Id. at 199. Mr. Danderson argues that this is not a conclusion that he can do light work, because most bench work is sedentary. While a strictly sedentary job may not be appropriate for Mr. Danderson because of his need to change positions, the reference to bench work by Dr. Voelkers does not rule out an ability to do light work. Dr. Voelkers' release allowing light duty with light-weight materials clearly refers to lifting and weight bearing restrictions. The postural restrictions attendant with light work were taken into account when the ALJ solicited evidence that significant numbers of light jobs permitting alternate sitting and standing exist. This evidence, coupled with substantial evidence in the record that plaintiff can lift up to twenty-five pounds and has never been restricted by any physician in his ability to stand, walk or sit, is substantial evidence of Mr. Danderson's ability to do light work.[1]

The ALJ did not overlook Mr. Danderson's failed attempt to do light work. The ALJ specifically noted the discrepancy between Mr. Danderson's testimony that he worked only two to three weeks after surgery and the medical notation by

_____

[1] Dr. Rahimifar's notation that Mr. Danderson "has been released to a light duty job, but he has some difficulty doing that," App. Vol. II at 237, is properly seen as part of patient's reported history, and not Dr. Rahimifar's medical conclusion.

the surgeon on April 1, 1991, some four months after surgery, that Mr. Danderson was "working full time in a light-duty capacity, and he tells me that he is getting along fairly well." Id. at 198. Mr. Danderson's failed attempt to do light work is not conclusive evidence that he was disabled for a continuous twelve months during the relevant period.

Contrary to Mr. Danderson's argument, the ALJ properly analyzed his pain-caused limitations and took pain into account in arriving at an appropriate residual functional capacity assessment for claimant. The balance of Mr. Danderson's arguments relative to the medical evidence essentially ask us to reweigh the evidence, which we will not do on appeal. See Decker v. Chater, 86 F.3d 953, 954 (10th Cir. 1996).

Mr. Danderson's arguments regarding the transferability of his skills and the ALJ's reliance on the guidelines were ably addressed and disposed of by the magistrate judge. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge

-5-