**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MICHAEL E. LOWTHER,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 97-5022
(D.C. No. 95-CV-919)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the Commissioner's denial of disability benefits. Plaintiff asserted that he had been disabled, since July 1991, from the residual effects of a back injury, three back surgeries, and surgery on his left knee. The administrative law judge (ALJ) determined, at step five of the applicable analysis, see 20 C.F.R. § 404.1520, that plaintiff remained capable of performing the unskilled sedentary jobs of bench assembler and machine operator, which exist in significant numbers in the national economy. See Saleem v. Chater, 86 F.3d 176, 178 (10th Cir. 1996) (at step five, Commissioner bears burden of establishing that claimant can perform work existing in national economy). The Appeals Council denied review, making the ALJ's determination the Commissioner's final decision.

This court reviews the Commissioner's decision to determine only that the Commissioner applied the law correctly and that the record contains substantial evidence to support the decision. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). On appeal, plaintiff argues that the ALJ's hypothetical question eliciting the vocational expert's (VE) testimony that there were jobs existing in the national economy that plaintiff remained capable of performing, failed to include all of plaintiff's limitations. Our review of the record, however, indicates that the ALJ included in his hypothetical question all of the limitations supported

-2-

by the record.  See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996).  In light of that, the VE's testimony elicited by the hypothetical question provided substantial evidence supporting the denial of benefits.  See id.  Further, in determining plaintiff's limitations, the ALJ properly analyzed his complaints of disabling pain.  See Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995) (discussing proper analysis of complaints of disabling pain).

The judgment of the United States District Court for the Northern District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge