**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LORI K. RIDENOUR,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 97-5240
(D.C. No. 96-CV-184)
(N.D. Okla.)

ORDER AND JUDGMENT  *

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from an order of the district court affirming the Commissioner's decision to deny plaintiff's applications for disability insurance benefits and for supplemental security income. Plaintiff filed her applications in early spring of 1993, alleging she had been disabled since early 1991 as a result of a left knee injury sustained in March 1991, scoliosis of the spine, depression, and pain. After an administrative hearing in November 1994, the administrative law judge (ALJ) issued a decision finding plaintiff not disabled. The ALJ concluded that plaintiff suffered from pain in her left knee and moderate depression, but that her impairments did not meet or equal the listings. Because plaintiff's past work did not constitute substantial gainful activity, the ALJ proceeded to step five of the sequential analysis. See 40 C.F.R. §§ 404.1520, 416.920. Based on testimony from a vocational expert (VE), the ALJ concluded that plaintiff could perform certain light and sedentary jobs that exist in the national economy despite her exertional and nonexertional limitations. The ALJ's decision subsequently became the final decision of the Commissioner.

Plaintiff raises three challenges to the ALJ's decision. First, she contends that the ALJ's assessment of her residual functional capacity (RFC) failed to take into account medical evidence showing that her knee pain precluded her from twisting. Second, plaintiff contends that the ALJ propounded an incomplete hypothetical question to the VE because he omitted a limitation on twisting.

Finally, plaintiff contends that the VE's testimony that someone with plaintiff's limitations could perform certain sedentary hand packaging and filling jobs conflicted with the description of those jobs contained in the Dictionary Occupational Titles.

We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the findings are supported by substantial evidence in the record viewed as a whole. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "If supported by substantial evidence, the [Commissioner's] findings are conclusive and must be affirmed." Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993). "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff's first challenge is not supported by the evidence in the administrative record. The medical records do not reflect that any doctor restricted plaintiff to activities that do not involve twisting. The only reference in the record to twisting is in a report from a vocational consultant. That report quotes a single sentence from a June 1993 medical report that is not in the record, in which a physician expressed the opinion that plaintiff was likely to have pain

in the knee with twisting, but that "'[t]hese episodes are usually of no lasting consequences.'" Appellant's App., Vol. II at 255.

Because the record does not support plaintiff's contention that the ALJ should have included a twisting limitation in her RFC, plaintiff's further contention that the ALJ erred in not including such a limitation in the hypothetical question he propounded to the VE fails, as well. So long as the ALJ's findings about plaintiff's limitations were reflected in the hypothetical question propounded to the VE, the ALJ could rely upon the VE's testimony in determining whether plaintiff is disabled at step five of the sequential analysis. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). The hypothetical question the ALJ propounded to the VE here contained all the limitations found by the ALJ, including a restriction to light or sedentary work that did not involve more than occasional bending or stooping, mild to moderate pain of sufficient severity to be noticeable to plaintiff at all times, and a need to change positions from time to time.

Based on all the limitations listed by the ALJ in his hypothetical question, the VE testified that plaintiff could perform sedentary and light, unskilled bench assembly jobs, as well as sedentary, unskilled hand packaging jobs. The VE said there were a total of 5,000 light and sedentary assembly jobs in Oklahoma and a total of 485,000 such jobs in the national economy that would accommodate all

plaintiff's limitations, including her need to change position periodically. He also said there were 200 sedentary hand packaging jobs in Oklahoma and 40,000 such jobs nationally that also would accommodate plaintiff's limitations. Plaintiff challenges the VE's opinion about the availability of sedentary hand packaging jobs. She claims that the Dictionary of Occupational Titles describes the exertional demands of hand packager and machine packager jobs as medium, rather than sedentary. We need not decide whether the VE's testimony conflicts with the Dictionary of Occupational Titles. Even if the hand packaging positions identified by the VE were eliminated from the potential job base, a significant number of light and sedentary assembly jobs still remain that plaintiff can perform. Therefore, substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge