**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELINDA S. LECOUR,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5185
(D.C. No. 97-C-517-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Melinda LeCour appeals from an order of the magistrate judge, sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c), affirming the decision of the Commissioner of Social Security that she is not disabled within the meaning of the Social Security Act and denying her claim for disability benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Claimant, then age forty-eight, applied for benefits in 1994, claiming she was unable to work since October 15, 1993 due to blindness in her right eye, degenerative joint disease in both knees, carpal tunnel syndrome, and pain in her tailbone. Claimant has a bachelor's degree in physical education and recreation and worked as an aircraft painter from 1978 to 1993. Her request for benefits were denied initially and on reconsideration. She then received a hearing before an administrative law judge (ALJ).

Following the hearing, the ALJ denied claimant's claim at step five of the evaluation sequence. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step process). The ALJ determined that claimant has severe impairments--severe obesity, degenerative joint disease, and blindness in her right eye--that preclude her from performing her past relevant

-2-

work. However, the ALJ then determined that claimant retains the residual functional capacity (RFC) to perform the full range of sedentary work, reduced by her inability to perform work that requires 20/20 bilateral vision or excellent depth perception or that would not allow claimant to change her position at will (that is, shift her weight while sitting or standing). Relying upon the testimony of a vocational expert (VE), the ALJ concluded that there are a significant number of jobs claimant can perform despite her limitations and, therefore, claimant is not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). We may "neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]." *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, claimant first contends the ALJ's findings regarding her RFC and her credibility are not supported by substantial evidence because he did not properly consider her subjective complaints of pain under *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). The ALJ's opinion reflects that he followed the

analytical framework established in *Luna*. Plaintiff takes issue with the weight the ALJ assigned to various factors at the third step of the *Luna* analysis. *See id*. at 165-66. We, however, can neither reweigh the evidence nor substitute our judgment for that of the agency. *See Casias*, 933 F.2d at 800.

Contrary to claimant's contention, the ALJ did not fail to point to any evidence in the record to support his finding that her pain was not disabling. In evaluating claimant's credibility, the ALJ noted the lack of an objective medical basis to support the degree of limitation alleged by claimant, that claimant only takes ibuprofen for pain and had no side effects from that medication, and that, although claimant uses a motorized scooter and a cane to ambulate, such aids were not prescribed by her treating physicians. *See Luna*, 834 F.2d at 165-66 (listing factors ALJ should generally address in assessing credibility of claimant's allegations of disabling pain). Although it is clear that claimant suffers some pain, "[d]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe . . . as to preclude any substantial gainful employment." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (quotation omitted). Substantial evidence supports the ALJ's conclusion regarding claimant's pain. The ALJ properly determined that claimant experienced mild to moderate to occasional chronic, but not disabling, pain; and then took this pain into account in determining her RFC and in posing his hypothetical question to

-4-

the VE. *See Thompson v. Sullivan*, 987 F.2d 1482, 1490-91 (10th Cir. 1993) (requiring consideration of nondisabling pain in RFC determination).

Claimant asserts that even if the ALJ legitimately discounted her testimony as to the severity of her pain, there is no specific medical evidence establishing that she can perform the prolonged sitting required of sedentary work. We disagree. The record contains an RFC assessment by a nonexamining physician stating that claimant could both sit and stand for six hours in an eight-hour workday. *See* Appellant's App., Vol. II at 70. Thus, the medical evidence provides adequate support for the ALJ's RFC determination.

Finally, claimant contends the ALJ's hypothetical question to the VE was flawed because he failed to include all of her impairments. Our review of the record indicates that the ALJ's questions to the VE included the limitations that he found were supported by the record. Accordingly, the VE's testimony provided substantial evidence to support the ALJ's finding of a significant number of jobs in the national economy that claimant could perform. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (holding hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge