**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROLYN CAMPBELL,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-6471
(D.C. No. 97-CV-1331-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Carolyn Campbell appeals from the district court's judgment affirming the Commissioner's decision denying her claim for supplemental social security income (SSI) at step five of the five-part process for determining disability, see 20 C.F.R. § 416.920. In what stands as the final decision of the Commissioner, the administrative law judge (ALJ) determined that, while claimant has limitations arising from carpal tunnel problems and borderline intellectual functioning and cannot return to her past relevant work as a custodian or housekeeper, she retains the functional capacity to perform a wide range of light work. Relying on a vocational expert's testimony, the ALJ found that there were jobs available that claimant could perform and therefore determined that she was not disabled for purposes of her SSI claim.[1] We review the Commissioner's decision to determine whether factual findings are supported by substantial evidence and whether correct legal standards were applied. See Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996).

On appeal, claimant contends that the ALJ failed to meet his step-five burden of showing that there were jobs in the economy that she could perform. Specifically, she asserts that she does not have the residual functional capacity to

---

[1]  The ALJ found, however, that claimant was disabled from April 3, 1992 to June 15, 1993, and awarded disability insurance benefits for that period. That determination is not at issue in this appeal.

perform the light, unskilled jobs identified by the ALJ: gate guard and bakery worker on a conveyor line. [2]

Claimant argues that she lacks the intelligence and writing ability required of a gate guard and that her diminished concentration, reclusiveness, and restriction against repetitive movement of the wrists precludes her from performing as a bakery worker. However, the ALJ's hypothetical questions to the vocational expert accurately reflected the ALJ's assessment of claimant's impairments and limitations. The hypotheticals described a person with a fourth grade education, limited to reading small words, simple addition, and no subtraction. See Appellant's App. at 126. In addition, the hypothetical person had difficulty holding a pen or pencil, a twenty percent reduction in grip strength, and restrictions on repetitive movement of the wrists. See id. at 127-28.

The ALJ's assessment is supported by substantial evidence in the record. We note that, after claimant's second carpal tunnel release surgery, the treating physician released her to light-duty work. Since that time, no treating physician has placed an additional restriction on her activities. Moreover, claimant has held numerous jobs in the past, despite her sub-average intellectual functioning. Under these circumstances, the ALJ was under no obligation to describe the

[2]    As noted in the ALJ's decision, the vocational expert also identified the position of assembly machine tender. The parties agree that claimant's reduced grip strength does not permit her to perform that job.

additional limitations urged by claimant. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (stating that, while hypotheticals to the vocational expert must precisely reflect impairments, "they need only reflect impairments and limitations that are borne out by the evidentiary record").

Accordingly, the vocational expert's testimony, elicited in response to the ALJ's hypotheticals, provided evidence that both the gate guard and bakery worker positions were jobs existing in the national economy that claimant can perform. Because neither position must be eliminated from consideration, we do not reach claimant's second argument that the bakery worker position, standing alone, does not exist in significant numbers in the national economy. There is no question that, given the two identified jobs, the Commissioner has met the burden of identifying jobs existing in significant numbers in the national economy. See 20 C.F.R. § 416.966(b); Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

The ALJ did not err in determining that claimant possessed the ability to perform work existing in the national economy and, therefore, she was not disabled. The judgment is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-