**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID E. SEBREE,

　　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

　　　　Defendant-Appellee.

No. 99-7035
(D.C. No. 98-CV-288-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant David E. Sebree appeals from the district court's order affirming the decision of the Commissioner of Social Security. In that decision, the Commissioner denied claimant's applications for disability insurance benefits and supplemental security income benefits made under Titles II and XVI of the Social Security Act. *See* 42 U.S.C. §§ 423, 1382. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Claimant asserts that he has been disabled since September 28, 1993 because of back pain caused by spondylolysis, stomach pain, headaches, and high blood pressure. His past work includes truck driving, laying sheetrock, and working as a dishwasher and cook. After a hearing held in December 1995, the administrative law judge (ALJ) found that claimant has spondylolysis that does not meet a listed impairment, but that he was unable to perform his past relevant work. *See* Appellant's App. Vol. II at 33. At step five of the sequential evaluation, *see generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), the ALJ determined that claimant has the residual functional capacity (RFC) to perform light work, reduced by an inability to repetitively push or pull arm and leg controls, or to do more than occasional repetitive overhead reaching, bending, stooping, crouching, or climbing, or to be exposed to unprotected heights, or to balance. *See* Appellant's App. Vol. II at 33. He found claimant's testimony regarding disabling pain not to be credible, but he did believe claimant

-2-

had some pain that limited him to doing no more than light work.     *See id.* at 30-31.

The ALJ elicited vocational expert testimony as to the jobs claimant could do in the national economy given his limitations.  In his first hypothetical, the ALJ described claimant as able to do sedentary to light work restricted by the above-noted limitations and as having mild to moderate chronic pain and taking medications that did not preclude him from carrying out work assignments or remaining reasonably alert.     *See id.* at 234.  He gave the expert an alternative scenario in which claimant needed to be able to alternate sitting and standing every hour.   *See id.* at 237.  The vocational expert opined that, under the first hypothetical, claimant could work as a taxi starter; food assembler; parking lot, self-service gas station, arcade, car wash, or counter sales attendant; escort driver and surveillance monitor; and that he could also do miscellaneous hand-working jobs like polishing and taping.     *See id.* at 235-37.  Under the second hypothetical, he opined that claimant could perform some of the attendant jobs and the surveillance monitor and taxi starter positions.      *See id.* at 237.  After considering the medical record, hearing testimony, and social security regulations, the ALJ concluded that claimant was not disabled.      *See id.* at 34.

Claimant raises three issues on appeal:  (1) whether the ALJ's RFC determination was improperly based on an absence of evidence; (2) whether his

credibility findings are supported by substantial evidence; and (3) whether he gave the vocational expert hypothetical questions based upon claimant's abilities and limitations. Our review is limited to determining whether the ALJ's decision is supported by substantial evidence on the whole record and comports with relevant legal standards. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).

Dr. Charles Harris prepared an RFC assessment for the agency based on the medical records of claimant and concluded that claimant could occasionally lift fifty pounds, frequently lift twenty-five pounds, and stand and sit for six hours each during an eight-hour workday, and that pain did not limit his RFC. *See* Appellant's App. Vol. II at 61. He found no other significant limitations except for occasional stooping. *See id.* at 62-64. Claimant argues that the ALJ apparently rejected this assessment because he concluded that claimant's RFC was in fact limited in certain areas, and that the ALJ's assessment is therefore not supported by medical evidence. We conclude that the medical assessment supports the ALJ's general RFC determination that claimant can do light work and that the ALJ properly imposed further limitations after considering claimant's testimony and other medical records.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial

-4-

evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). The ALJ supported his determination that claimant's complaints of disabling pain were not credible by noting that (1) claimant had successfully worked for several years with spondylolysis and his x-rays had not changed during that time to indicate that it had worsened; (2) claimant's statements in the record regarding his activities were inconsistent with disabling pain; (3) claimant had suffered injuries after falling out of duck blinds and contracting poison ivy rashes, which the ALJ believed resulted from continued hunting activities and not from wandering around his mother's back yard, as claimant alleged; (4) the medical record indicated that claimant's hiatal hernia was mild and medically treatable; (5) the medical record was inconsistent with claimant's allegations of disabling pain; and (6) claimant's demeanor and inconsistent statements at the hearing suggested that he was not completely credible. *See* Appellant's App. Vol. II at 28-31. We conclude that the ALJ's credibility finding is supported by substantial evidence.

Citing *Bastian v. Schweiker*, 712 F.2d 1278, 1282 n.5 (8th Cir. 1983), claimant argues that the ALJ's hypothetical question to the vocational expert was improper because the ALJ allegedly told the expert that claimant could perform light and sedentary work, thereby eliminating the usefulness of the expert. Claimant's argument is without merit because the ALJ specifically limited

claimant's RFC in both hypotheticals and then properly inquired whether there were sufficient jobs in the national economy claimant could perform given these limitations. Claimant's assertion that the ALJ erred by failing to include claimant's headaches, hiatal hernia, depression, and high blood pressure in the hypotheticals is also without merit because the ALJ's findings that these conditions were either controlled or did not significantly limit claimant's capacity to perform work is supported in the record. Complaints are considered to be severe nonexertional limitations only when they " *significantly* limit [the] ability to perform the full range of work in a particular RFC category on a sustained basis." *Williams*, 844 F.2d at 752 (emphasis added) (quotation omitted). Because the ALJ determined that claimant's testimony as to the extent of his limitations was neither completely credible nor supported by objective medical evidence, he was not required to include all complaints in the hypothetical questions. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions need only reflect impairments and limitations supported by the record).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge