FILED
United States Court of Appeals
Tenth Circuit

March 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANGELA FAYE RUTH,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 09-7101
(D.C. No. 6:08-CV-00230-RAW-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

     Angela Faye Ruth appeals the district court's order affirming the
Commissioner's decision to deny her applications for Social Security Disability
and Supplemental Security Income benefits. We have jurisdiction over this
appeal under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After Ms. Ruth's disability applications were denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). A vocational expert (VE) testified at the hearing regarding the demands of Ms. Ruth's past relevant work. The ALJ then posed a hypothetical to the VE, asking her to assume an individual the same age as Ms. Ruth, with her same education and work experience, and with physical limitations that the ALJ later found to be applicable to Ms. Ruth. Based on those assumptions, the VE testified that such an individual would be capable of performing Ms. Ruth's previous jobs as a cashier/checker and a teacher's assistant. The ALJ also submitted post-hearing interrogatories to the VE, posing additional hypotheticals including limitations the ALJ ultimately found were not supported by the evidence.

In her decision, the ALJ followed the "five-step sequential evaluation process for determining whether a claimant is disabled," *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988), and determined at step four that Ms. Ruth is not disabled. The ALJ found she has a residual functional capacity (RFC)

> to perform a range of light work. She can lift and/or carry and push and/or pull twenty pounds, ten pounds on a frequent basis. She has the additional postural limitations of occasional stooping, crouching, climbing, and crawling and the environmental limitations of no work in temperature extremes. There are no limitations on sitting, standing, or walking.

Aplt. App'x, Vol. I at 25. Relying on the VE's hearing testimony, the ALJ made findings regarding the demands of Ms. Ruth's past relevant work and found that,

with her RFC, she can perform her previous jobs as a cashier/checker and a teacher's assistant. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

We review the Commissioner's decision to determine whether the findings of fact are supported by substantial evidence and whether correct legal standards were applied. *Decker v. Chater*, 86 F.3d 953, 954 (10th Cir. 1996). "We may neither reweigh the evidence nor substitute our judgment for that of the [Commissioner]." *Id.* Ms. Ruth's claims on appeal relate to the post-hearing interrogatories the ALJ posed to the VE. She first contends that the limitations in the ALJ's post-hearing hypotheticals were consistent with only a limited range of sedentary work. She argues that, because the ALJ's RFC determination failed to mirror the limitations in these hypotheticals, the RFC findings are erroneous. Ms. Ruth also argues that the ALJ violated her due process rights by failing to ask the VE for supplemental responses to the post-hearing interrogatories.

The rule is well-settled that, where a hypothetical question fails to include "all (and only) those impairments borne out by the evidentiary record," *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995), a VE's testimony in response to it cannot provide substantial evidence to support an ALJ's findings regarding the work a claimant is able to perform, *see Decker*, 86 F.3d at 955 (holding "hypothetical questions in this context must reflect with precision all of [claimant's] impairments"). But Ms. Ruth does not contend that the ALJ

-3-

improperly relied on the VE's interrogatory responses in concluding that she can perform her past relevant work.[1] Her contention is instead focused on the validity of the ALJ's RFC determination. She claims the RFC findings are erroneous because they failed to mirror the limitations in the ALJ's post-hearing hypotheticals. Her theory is, when an ALJ poses a hypothetical to a VE, the ALJ is then bound to include the same hypothetical limitations in the claimant's RFC. *See* Aplt. Reply Br. at 3 (arguing ALJ was "bound by" interrogatories she "crafted"). She provides no authority for this contention.

Ms. Ruth's proposition misconstrues the purpose of a hypothetical in the context of an ALJ's disability determination. An ALJ poses one or more questions, asking the VE to assume a hypothetical individual with specified limitations that the ALJ may or may not ultimately determine to be applicable to the claimant.[2] An ALJ is not bound by VE testimony in response to a hypothetical that fails to set forth only those impairments the ALJ has accepted as true. *See Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). Thus, we fail to see how an ALJ could be bound by the hypothetical itself. By posing a particular

---

[1]    In fact, the ALJ did *not* rely on the VE's interrogatory responses, because she dismissed the limitations in the post-hearing hypotheticals as not supported by the evidence. The ALJ did rely on the VE's hearing testimony in response to a hypothetical that matched with precision the limitations in the ALJ's RFC finding. *Compare* Aplt. App'x, Vol. I at 25 (RFC), *with id.*, Vol. II at 339 (hypothetical).

[2]    We note that, under Ms. Ruth's theory, an ALJ would be precluded from posing more than one hypothetical.

-4-

hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations.

Moreover, an ALJ's failure to mirror a claimant's RFC limitations in a hypothetical calls into question the evidentiary support for the ALJ's findings regarding the jobs a claimant is capable of doing, *see Decker*, 86 F.3d at 955, rather than the ALJ's RFC determination. Indeed, VE testimony has no bearing on the RFC determination, which must be based on substantial evidence regarding the nature and extent of the claimant's limitations as a result of her impairments. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). Ms. Ruth does not argue that the ALJ's RFC finding is not supported by substantial evidence regarding her impairments.[3]

Ms. Ruth's last contention also has no merit. She argues that the ALJ violated her due process rights by refusing to ask the VE for supplemental responses to the post-hearing interrogatories.[4] Specifically, Ms. Ruth sought an explanation and documentation of how the VE computed her "figures" for the

---

[3]      Ms. Ruth also contends the ALJ found that she has an RFC for less than sedentary work. *See* Aplt. Opening Br. at 23. This argument contradicts the ALJ's decision, which unambiguously found that she is capable of doing a "range of light work." Aplt. App'x, Vol. I at 25.

[4]      Despite couching this argument as a violation of her constitutional rights, Ms. Ruth relies on a Social Security Administration manual as the basis for her contention that the ALJ erred in refusing her request for supplemental responses.

jobs the VE cited in the initial responses. Aplt. App'x, Vol. I at 152.[5] The ALJ

considered Ms. Ruth's request for additional evidence or explanation from the

VE, but determined it was unnecessary because the ALJ found that the limitations

in the post-hearing hypotheticals were not supported by the evidence. We find no

error in the ALJ's decision to forgo asking the VE to supplement responses to

hypotheticals that assumed limitations the ALJ found inapplicable to Ms. Ruth.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[5] The only "figures" the VE provided in response to the post-hearing interrogatories were numbers of other jobs that the VE concluded a hypothetical individual could perform with the limitations specified in the interrogatories. *See* Aplt. App'x, Vol. I at 141-49, 143.