**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TRACY A. LEACH,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 11-5068
(D.C. No. 4:09-CV-00537-TCK-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

Tracy A. Leach appeals a district court order affirming the Commissioner's

denial of disability insurance and supplemental security income benefits.

Ms. Leach contends an administrative law judge ("ALJ") erred in 1) evaluating

the medical source evidence; 2) assessing her residual functional capacity

("RFC"); 3) posing an inaccurate hypothetical question to a vocational expert

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("VE"); and 4) discrediting her testimony.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

I

Ms. Leach applied for benefits, claiming she became disabled on December 15, 2004, due to congenital heart disease, shortness of breath, scoliosis, and learning difficulties.  According to the record, Ms. Leach had four heart surgeries between the time she was four weeks and seven years old.  She also had a pacemaker implanted in 1985 and has since had several surgical procedures to replace or maintain her pacemaker.  Additionally, Ms. Leach suffers from chronic pulmonary issues, back pain, and a history of learning disabilities.  She has applied for benefits some six times, but her applications have all been denied.

This particular application was denied after an ALJ concluded at step five of the five-step sequential evaluation process, *see* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process), that Ms. Leach was not disabled because she retained the RFC to perform sedentary work subject to certain restrictions.  Specifically, the ALJ restricted Ms. Leach to occasional lifting and carrying of up to ten pounds, five to nine pounds frequently; sitting (with normal breaks) for up to six hours in an eight-hour workday; and standing and/or walking (with normal breaks) for up to two hours in an eight-hour workday.  The ALJ also determined that Ms. Leach could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and

crawl, but she should avoid climbing ladders, ropes, and scaffolds. In arriving at this decision, the ALJ considered, among other things, reports from Ms. Leach's family physician, her cardiac and pulmonary specialists, and several agency physicians. The ALJ also heard testimony from a VE and Ms. Leach concerning the limiting effects of her conditions. Following the ALJ's decision, the Appeals Council denied review and the district court affirmed the denial of benefits. Ms. Leach then initiated this appeal.

## II

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Cowan v. Astrue*, 552 F.3d 1182, 1184-85 (10th Cir. 2008) (internal quotation marks omitted). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Id.* (internal quotation marks omitted).

On appeal, Ms. Leach contends the ALJ erred in 1) evaluating the medical source evidence; 2) assessing her RFC; 3) posing an inaccurate hypothetical question to the VE; and 4) discrediting her testimony.

These are the same contentions rejected by a magistrate judge in the district court. *See* 28 U.S.C. § 636(b)(1)(B). Indeed, Ms. Leach first argued that the ALJ

failed to properly weigh the medical source evidence, in particular an examination note written by her family physician, Dr. Debra Colpitt. Dr. Colpitt had completed a state medical report because Ms. Leach was attempting to become a foster parent. The report questioned whether Ms. Leach had any condition that would impair her ability to provide daily care for children during the next year, and Dr. Colpitt responded "yes" by checking a box. On the next line she wrote, "Only concern is functional class II-III heart disease." Aplt. App., Vol. II at 229. The ALJ did not explicitly discuss this note, but he reviewed Dr. Colpitt's records and found that her opinion was entitled to less than controlling weight because she provided routine care and referred Ms. Leach to specialists for cardiac and pulmonary treatment. Ms. Leach argued that the ALJ should have given Dr. Colpitt's note controlling weight, but the magistrate judge concluded that Dr. Colpitt's role as a family practitioner entitled her note to less weight than the opinions of Ms. Leach's cardiac and pulmonary specialists. Ms. Leach challenges this conclusion on appeal. We agree with the magistrate judge.

Initially, the magistrate judge observed that Dr. Colpitt's note in response to whether Ms. Leach could care for children was arguably unrelated to the question of her disability. Ms. Leach asserts that the magistrate judge's observation is an impermissible post hoc justification for the ALJ's decision. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008). But even if the

magistrate judge exceeded the scope of his review by making this observation, the balance of his analysis is correct and sufficient.

To be sure, Dr. Colpitt's opinion was entitled to great deference; a treating physician's opinion is generally entitled to controlling weight, *see Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005) (stating that treating source opinion is entitled to controlling weight if well-supported by clinical and laboratory diagnostic techniques and is consistent with other substantial evidence). But Dr. Colpitt provided routine care alongside treating cardiac and pulmonary specialists whose opinions command greater weight under the governing regulations. *See* 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist."). In fact, in urging for greater weight to be accorded to Dr. Colpitt's note, Ms. Leach acknowledges that "the regulations [] specify that the ALJ should give greater weight to a specialist . . . ." Aplt. Br. at 16. Under these circumstances, we agree the ALJ correctly gave greater weight to the opinions of Ms. Leach's specialists than to a single note of Dr. Colpitt.

Still, Ms. Leach maintains that the ALJ failed to explain "why he apparently deemed [Dr. Colpitt's] opinion 'inconsistent' with other, substantial evidence in the record." *Id.* at 15. Contrary to Ms. Leach's assertion, however, nothing in the record indicates that the ALJ rejected Dr. Colpitt's note (or any of

her other assessments for that matter).  Rather, the ALJ declined to accord

Dr. Colpitt's opinions *controlling* weight due to her role as a family physician and

the availability of other evidence from treating specialists.  The ALJ's analysis

was "sufficiently specific to make clear" what weight he accorded Dr. Colpitt's

opinions and the reasons for that weight.  *See Oldham v. Astrue*, 509 F.3d 1254,

1258 (10th Cir. 2007) (internal quotation marks omitted).   Indeed, the ALJ

detailed the medical evidence, including records from Dr. Colpitt and Ms. Leach's

specialists, and concluded that greater weight should be accorded to the

specialists' opinions than to those of Dr. Colpitt.  Ms. Leach's argument that the

ALJ's analysis is deficient is unavailing.[1]

Ms. Leach's remaining contentions are similarly unavailing and were

properly rejected by the magistrate judge.  Ms. Leach maintains that the ALJ

failed to correctly assess her RFC, but the magistrate judge rightly concluded that

the RFC was predicated on substantial evidence.  As the magistrate judge

observed,

> [T]he ALJ reviewed the objective medical evidence to identify the
> severity of plaintiff's impairments.  He then reviewed the records and

---

[1]     Ms. Leach advances a similar argument that the ALJ failed to adequately explain what weight he accorded her treating specialists' opinions.  *See* Aplt. Br. at 24.  This argument is meritless, however, because the ALJ did not reject or weigh these opinions unfavorably.  *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.").

comments of her family physician and her treating specialists, followed by a review of her hospital records. The ALJ rounded out his review by considering the opinions reached by five qualified state agency physicians, both consultant and examination reports.

Aplt. App., Vol. I at 55. Among the agency physicians to offer an opinion was Dr. Penny Aber, who believed Ms. Leach could occasionally lift ten pounds, frequently lift less than ten pounds, stand or walk for at least two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The ALJ incorporated these restrictions into his RFC, and the magistrate judge recognized that other aspects of Dr. Aber's opinion challenged Ms. Leach's testimony concerning the severity of her symptoms. In fact, the magistrate judge concluded that none of the evidence offered by Ms. Leach undermined the ALJ's finding that she retained the RFC for sedentary work subject to the specified restrictions.

The magistrate judge also rejected Ms. Leach's claim that the ALJ posed an inaccurate hypothetical question to the VE to determine whether she could perform other work. Rather, the magistrate judge reiterated the hypothetical question, examined certain physical and mental restrictions specified in the record, and observed that the hypothetical question reflected with precision all the limitations borne out by the record. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (holding that the limitations specified in an ALJ's hypothetical question must be borne out by the record).

-7-

Finally, the magistrate judge considered whether the ALJ properly discredited Ms. Leach's testimony concerning the severity of her symptoms. Noting five inconsistencies between Ms. Leach's testimony, her own statements of the limiting effects of her impairments, and the objective medical evidence, the magistrate judge determined that the ALJ adequately linked his adverse credibility finding to specific evidence in the record. *See* Aplt. App., Vol. I at 60 (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

We, like the magistrate judge, find no merit in Ms. Leach's contentions. And, because the magistrate judge evaluated those contentions under the same standard that governs our review, we see no reason to repeat the magistrate judge's detailed and well-reasoned analysis. Accordingly, having considered the parties' appellate materials, the record on appeal, and the relevant legal authorities, we AFFIRM the district court's judgment for substantially the same reasons stated in the magistrate judge's report and recommendation dated January 21, 2011, which was adopted by the district court's order dated March 14, 2011.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

-8-