**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARGARET A. DAVIS,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

        Defendant-Appellee.

No. 99-3133
(D.C. No. 97-CV-2398)
(D. Kan.)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Margaret A. Davis appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Davis alleged disability as of 1994 due to an on-the-job injury to her neck and shoulder with resulting chronic pain syndrome. She also has an adjustment disorder and fibromyalgia. The administrative law judge (ALJ) determined that Ms. Davis was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could perform a limited range of sedentary work.

On appeal, Ms. Davis argues that the ALJ improperly evaluated her credibility. She also contends that substantial evidence does not support the ALJ's decision that she can perform substantial gainful activity.

Ms. Davis asserts that her testimony was credible because her most recent treating physician's opinion, which she submitted to the Appeals Council after the ALJ issued his decision, supports her testimony, as does the rest of the evidence in the record. In the statement submitted to the Appeals Council, Ms. Davis' physician opined that she cannot work.

Evidence presented to the Appeals Council is considered only to the extent that it is new, material and relevant to the pertinent time period. See 20 C.F.R. § 404.970(b). Further, new evidence does not require a change in the ALJ's determination if that determination "remains supported by substantial evidence." O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

A treating physician may offer an opinion about a claimant's condition and about the nature and severity of any impairments. See Castellano, 26 F.3d at 1029. However, to be given controlling weight, the opinion must be "well supported by clinical and laboratory diagnostic techniques and [cannot be] inconsistent with other substantial evidence in the record." Id. A treating physician's opinion that his patient is disabled is not dispositive, as final responsibility for determining disability rests with the Commissioner. See id.

The letter submitted to the Appeals Council was written by Ms. Davis' gynecologist. His opinion was not supported by objective medical evidence. The specialists who treated Ms. Davis for her back and neck problems opined that she could work with specified restrictions. The opinions of specialists related to their area of specialty are entitled to more weight than that of a physician who is not a specialist in the area involved. See 20 C.F.R. § 404.1527(d)(5).

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Ms. Davis established that she suffers from a pain-producing impairment. Therefore, the ALJ was required to consider her complaints of pain by evaluating her use of pain medication, her attempts (medical or nonmedical) to obtain relief, the frequency of her medical contacts, and the nature of her daily activities, as well as subjective measures of credibility including the consistency or compatibility of nonmedical testimony with the objective medical evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

One of Ms. Davis' treating physicians stated that he suspected symptom magnification. When she participated in a work hardening program, the therapists noted that she was observed to "self limit" on all functional assessment activities. One physician stated that he saw no signs of symptom exaggeration. As the ALJ

noted, Ms. Davis' daily activities do not support her testimony of disabling pain. Objective evidence shows that Ms. Davis has a normal range of motion and normal sensory examination. The inability to work pain-free is not sufficient reason to find a claimant disabled. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).

It appears that Ms. Davis disagrees with the weight the ALJ gave to the relevant factors. We may not reweigh the evidence on appeal. See Casias, 933 F.2d at 800. The ALJ applied the correct legal standards in evaluating plaintiff's subjective allegations of pain and his determination on this matter is supported by substantial evidence in the record.

Ms. Davis contends that the ALJ did not consider her fibromyalgia. She did not allege that her fibromyalgia was disabling. Further, the primary symptom she raised related to that disease was pain. The ALJ evaluated her pain in its entirety. While "[t]he record must demonstrate that the ALJ considered all of the evidence, . . . an ALJ is not required to discuss every piece of evidence." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). No error occurred.

Ms. Davis concludes that substantial evidence does not support the ALJ's determination that she can perform substantial gainful activity at a sedentary level. The ALJ posed a hypothetical question to the vocational expert (VE) that adequately reflected the nature and severity of Ms. Davis' impairments as borne

out by the record.  Therefore, the ALJ's conclusion that Ms. Davis could perform a limited range of sedentary work and the VE's opinion that a substantial number of jobs existed in the national economy which Ms. Davis could perform is supported by substantial evidence.    See Decker v. Chater  , 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions need only reflect impairments and limitations supported by the record).

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge