**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELIZABETH B. FISH,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-5184
(D.C. No. 98-CV-592-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Elizabeth B. Fish filed this claim for social security benefits under Title II of the Social Security Act on August 9, 1995, alleging an onset of disability on October 12, 1992, based on various medical conditions. Her application was denied at the administrative level, on reconsideration, and after a hearing before an administrative law judge (ALJ), held on December 9, 1996. The ALJ denied benefits at step four of the sequential evaluation process, finding claimant retained the residual functional capacity (RFC) to return to her past relevant work. See 20 C.F.R. § 404.1520 (describing five-step evaluation process); Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (same). Thereafter, the Appeals Council denied her request for review. Claimant filed her complaint in the district court, and the parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The magistrate judge affirmed the Commissioner's denial of benefits and claimant now appeals. Exercising jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm; the ALJ's decision is supported by substantial record evidence.

Background

Claimant, who has a high school education and past work experience as a phlebotomist, surgical dressing nurse, and nurse's aid, was fifty-five years old at the time of the hearing on December 9, 1996. She alleges substantial debilitating pain due to various surgical proceedings, including arthroscopic

surgeries on her right knee in 1993, 1995, and 1996, the last of which was a total knee replacement; arthroscopic surgery on her right ankle in 1995; tarsal tunnel syndrome; reflex sympathetic dystrophy syndrome; fibromyalgia (myofascial pain syndrome); and degenerative joint disease. At the hearing, claimant also testified that she suffers from arthritis, asthma, headaches, and depression. See Appellant's App., Vol. II at 548, 551-53, 555. According to her testimony, she suffers pain in her shoulders, arms, hands, head, neck, right knee, feet, legs, and hips as a result of these conditions. See id. at 553, 555. The gist of her testimony is that the pain is so severe that she spends most of her day sitting on a recliner or lying on a couch, either resting or watching television. See id. at 559. Based on her limitations, claimant testified that she can neither sit nor stand for more than thirty minutes to an hour at a time. See id. at 558.

At the hearing the ALJ posed three hypotheticals to the vocational expert (VE), based on an individual: (1) who can occasionally lift twenty pounds, frequently lift ten pounds, stand or walk or sit six hours out of an eight-hour workday, only occasionally climb, balance, kneel, crouch, or crawl; (2) who, in addition to the above, has to alternate sitting and standing every thirty minutes; and (3) who has all the restrictions and pain described by claimant's testimony. See id. at 569-71. As to the ALJ's first hypothetical, the VE testified that such an individual could work as a phlebotomist and surgical dressing aide since both fall

within the light exertional category; as to the second, the VE testified the individual could work as a cashier (but that only twenty percent of cashier jobs could accommodate the sit/stand limitation); and as to the third, the VE testified that the individual would not be able to work at all.    See id.

On appeal, claimant contends the ALJ erroneously:  (1) found claimant could return to her past relevant work as a phlebotomist because the ALJ's hypothetical to the VE did not reflect her limitations; (2) submitted a hypothetical to the VE "concerning [claimant's] ability to walk and sit six hours out of an eight hour day without the need to alternate sitting and standing" based on claimant's RFC assessments which the ALJ never explained, Appellant's Br. in Chief at 4-5; (3) found mild to moderate pain contrary to the medical evidence in the record; and (4) found claimant's allegations of pain not credible because he did not analyze the relevant pain evidence.  In addition, claimant argues that the magistrate judge erred by (1) relying on RFC assessments despite the fact that the ALJ did not rely upon them in his decision, and (2) applying res judicata principles to excuse the ALJ's failure to discuss medical evidence from treating physicians.

We review the Commissioner's decision for substantial evidence in the record and to ascertain whether the Commissioner applied the correct legal standards.   See Hawkins v. Chater  , 113 F.3d 1162, 1164 (10th Cir. 1997).  "[W]e

-4-

neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (further quotation omitted).

## Past Relevant Work

Claimant argues that the ALJ erred by finding that she could return to her past relevant work as a phlebotomist because that decision was based on a hypothetical question to the VE that did not include her alternating sitting/standing requirements. Claimant argues that the mere absence of evidence that she had not recovered from her various surgeries does not support the proposition that she had recovered. Thus, she argues, the ALJ erred by posing a hypothetical to the VE that did not include any lower extremity limitations. Claimant instead propounds the ALJ's third hypothetical, which credited fully her testimony.

The ALJ's decision notes in particular the doctor's progress reports after claimant's knee replacement surgery, which were very optimistic. See Appellant's App. Vol. II at 475 (stating on second day following surgery, claimant "was progressing well with physical therapy" and on third day she "was

doing remarkably well with physical therapy"). Although claimant asserts these progress notes and the lack of evidence in the record about her restrictions are not substantial evidence, the ALJ afforded her an opportunity after the hearing to supplement the medical evidence in the record to include a further assessment of her restrictions. At the hearing, claimant's attorney requested an additional week to submit medical records related to claimant's appointment for a six-month postoperative checkup, scheduled for the day following the hearing.     See id. at 545. Prompted by the ALJ's request, claimant's attorney indicated he would also submit medical evidence as to any restrictions claimant's doctor had placed on her activities.    See id. at 545-46. Subsequently, claimant and her attorney agreed to submit the matter without any additional medical records because she apparently did not go to see her doctor.     See id. at 539. As the record stands submitted, the ALJ's determination that she could sit and stand six hours out of the work day is supported by substantial evidence.

In a related issue, claimant argues that the magistrate judge could not search out the record and bolster the ALJ's RFC finding based on two RFC Assessments in the record, the first of which was performed in February 1993, nineteen months before the start of the relevant period on claimant's present claim. As discussed   infra at 10, this is claimant's second application for benefits; the first application was not successful. Therefore, although she alleges an onset

of disability as of October 12, 1992, the ALJ determined her eligibility for benefits could begin only as of September 23, 1994.

The February 1993 assessment states that claimant can stand and/or walk for six hours out of an eight-hour workday and that she can sit for six hours out of an eight-hour workday. See Appellant's App., Vol. I at 38. In fact, the RFC Assessment performed on October 26, 1995, reflects the same exact findings relating to standing, walking, and sitting as the 1993 findings. See id. at 217. Moreover, any error on the part of the magistrate judge was harmless because the ALJ's determination of claimant's limitations–as reflected in the ALJ's first hypothetical to the VE–was supported by substantial record evidence with or without either RFC Assessment. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (stating that, while hypotheticals to VE must precisely reflect impairments, "they need only reflect impairments and limitations that are borne out by the evidentiary record").

Pain

Claimant argues that she was suffering from disabling pain and that the ALJ failed to consider the evidence in the record attesting to this pain and also erred by not crediting her testimony relating to her pain. To be disabling, pain must be severe enough to preclude any substantial gainful employment whether by itself or in combination with other impairments. See Brown v. Bowen, 801 F.2d

361, 362-63 (10th Cir. 1986).  This court has enumerated the following factors as pertinent when analyzing a claimant's pain evidence:

> (1) [W]hether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992) (citing Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987)).  Objective evidence includes physiological and psychological evidence that can be verified by external testing. See Thompson v. Sullivan, 987 F.2d 1482, 1488-89 (10th Cir. 1993).  Subjective evidence comprises statements from the claimant and other witnesses that are evaluated on their credibility.  See id. at 1489.  While "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence," the ALJ must link the credibility determination and evidence.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).

The ALJ prefaced his pain evaluation by noting that it was guided by 20 C.F.R. § 404.1529, Social Security Ruling 96-7p, Luna, and Kepler.  He then described claimant's activities of daily living,[2] the alleviation of her symptoms by

_____

[2]    Although claimant testified generally that her pain prevents her from

(continued...)

medications, and the dearth of evidence in the record from which he could find that her symptoms would prevent her from undertaking the requirements of working. The ALJ found her ailments "include mild to moderate chronic pain, which are sufficiently severe to be noticeable to her at all times; but that nonetheless claimant would be able to remain attentive and responsive in a work setting, and could carry out normal work assignments satisfactorily." Appellant's App., Vol. I at 18. Hence, the ALJ deemed claimant's testimony "credible only to the extent consistent with a residual functional capacity for a wide range of light work activity." Id. We conclude the ALJ's pain determination is supported by substantial record evidence.

Res Judicata

Claimant initially applied for social security benefits in 1992 and was denied benefits after a hearing before an ALJ on September 22, 1994. She did not appeal in federal court after the Appeals Council affirmed that denial, instead, she applied for benefits anew.

20 C.F.R. § 404.957(c)(1) provides that:

---

[2](...continued)
doing much of anything, she also testified that she can drive to a limited extent and drove to the hearing, goes to Wal-Mart once a week for a craft hour, goes to a support group twice a month, can pick up objects as small as a spool of thread, and dresses and bathes herself. See Appellant's App., Vol. II at 557, 559, 560, 564.

-9-

The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]

Based on this, and the sections pertaining to reopening, see 29 C.F.R. §§ 404.988, 989, which the ALJ held did not apply, the ALJ found that claimant's present application for benefits was limited to the period commencing September 23, 1994. See Appellant's App., Vol. I at 15. The ALJ then went on to consider her present application without delving into the medical evidence relating to claimant's earlier application.

In the first decision denying benefits, however, the ALJ considered and discussed evidence from claimant's treating physicians in the record. See id. at 169-70, 172-73. In that decision, the ALJ found that claimant's testimony was not consistent with the record as a whole and he did not credit it. See id. at 172. The ALJ was not required to reconsider the evidence underlying claimant's first application in the context of her second application. In the context of her second application, the ALJ considered the relevant medical evidence in the record. Accordingly, we are not persuaded by claimant's allegations that both the magistrate judge and ALJ erred in their treatment of the medical evidence.

For the foregoing reasons, we AFFIRM.

Entered for the Court


Michael R. Murphy
Circuit Judge