**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAUL JARAMILLO,

      Plaintiff-Appellant,

v.

LARRY G. MASSANARI,* Acting
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 01-2032
(D.C. No. CIV-99-1446 BB/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT** **

---

Before **TACHA** , Chief Judge,  **BALDOCK** , Circuit Judge, and  **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the
appellee in this action.

\*\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Paul Jaramillo appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Jaramillo alleged disability as of September 1993 due to a spinal injury resulting in pain and limitation of function. The administrative law judge (ALJ) determined that he was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as he could perform light work .

On appeal, Mr. Jaramillo argues the ALJ's findings were erroneous and not supported by the record because his credibility analysis was wrong regarding Mr. Jaramillo's complaints concerning the duration and functional limitations of his pain. He contends that the ALJ disregarded the vocational expert's (VE) testimony that he could not work. [1] Mr. Jaramillo also suggests that should this court find that he is not currently disabled, he should be found disabled for the closed period from the date of his injury to the date of his recovery from surgery.

Mr. Jaramillo suffered an on-the-job lifting injury. He was diagnosed with a herniated disc. He thereafter underwent several years of non-surgical treatment due to the opinions of various physicians that surgery was unlikely to improve his condition. In December 1996, he had a diskectomy and spinal fusion.

Mr. Jaramillo argues the ALJ's credibility analysis was erroneous regarding his description of the duration and functional limitations of his pain. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).

---

[1] Respondent contends that Mr. Jaramillo only raised credibility issues to the district court. Our review of the briefs submitted to that court, however, shows that Mr. Jaramillo properly raised the issues he now brings on appeal.

The record shows that no physician has considered Mr. Jaramillo unable to work for a period of twelve months or more. See 20 C.F.R. § 404.1505(a). Two physicians released Mr. Jaramillo to light or sedentary work in 1994. R. Vol. II at 194, 195. One physician noted that Mr. Jaramillo had a "certain amount of lack of motivation" which he felt would impact the result should surgery be performed. Id. at 219. Both the residual functional ability form of August 1996 (pre-surgery) and the one of December 1997 (post-surgery) show that Mr. Jaramillo could frequently lift ten pounds, occasionally twenty; he could sit and stand or walk for about six hours and occasionally climb, balance, stoop, kneel, crouch, and crawl . Id. at 225, 256. The 1997 form relates that he had experienced a considerable reduction in pain since the surgery. Six months after his surgery, Mr. Jaramillo's surgeon opined that he was not yet able to return to work, although his "X-rays look[ed] beautiful." Id. at 279. Mr. Jaramillo testified that he drives to the school where his wife works to have lunch with her, drives to the grocery store and physical therapy where he walks on a treadmill and lifts weights everyday, and goes to church every week. He mows the lawn twice a month, cleans, and uses the computer an hour and a half a day. Before surgery, he was taking college classes. He walks three quarters of a mile twice a day.

The record does not support Mr. Jaramillo's testimony that he has to lie down several times a day and that he cannot pick up anything weighing over a pound. He also testified he can carry a three to four pound sack of grass clippings and a sack of groceries. While, as Mr. Jaramillo argues, the ALJ must consider his prior work history *as one factor* in making his credibility determination, see 20 C.F.R. § 404.1529(c)(3), that history does not outweigh the record evidence supporting the ALJ's conclusion that Mr. Jaramillo's pain testimony was not fully credible.

Mr. Jaramillo contends the ALJ disregarded the VE's testimony that he could not work. The VE testified that under the hypothetical as set forth by the ALJ, Mr. Jaramillo could perform light work. Mr. Jaramillo added to the hypothetical by positing that he needed to lie down two to four times during the work day. The ALJ did not accept this limitation. No error occurred. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions need only reflect impairments and limitations supported by the record).

As we affirm the ALJ's determination that Mr. Jaramillo was not entitled to benefits at any time, it follows that benefits for a closed period are inappropriate.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Chief Judge