**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SERRAFIN JOE HERRERA,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART, *
Commissioner of Social Security,

      Defendant-Appellee.

No. 01-1446
(D.C. No. 98-S-2456)
(D. Colo.)

---

ORDER AND JUDGMENT **

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and   **KANE** ,*** Senior
District Judge.

---

\*     On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of
Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the
appellee in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*\*     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Serrafin Joe Herrera appeals from an order of the district court affirming the Commissioner's decision denying his application for Social Security disability and Supplemental Security Income benefits (SSI). Appellant applied for these benefits with protected filing dates, respectively, of February 17, 1995, and April 20, 1995. He alleged disability based on pain in his upper extremities, his shoulder, and his back, cramping of his joints in both arms, and swelling of his hands and fingers. The agency denied his applications initially and on reconsideration.

On September 17, 1996, appellant received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that appellant's residual functional capacity (RFC) was limited by his inability to do work around heights or dangerous machinery and to perform tasks requiring fine hearing acuity or extensive background noise. The ALJ further found that, while appellant has no limitations on his ability to sit, stand, or walk, he should only occasionally bend and stoop, should perform no above-the-shoulder activity, can lift and carry no

-2-

more than ten pounds frequently and twenty pounds occasionally, and should not use his upper extremities for repetitive grasping, handling, and fingering.

The ALJ determined that appellant could not return to his past relevant work as a sheet metal polisher and buffer. At the time of the ALJ's decision, the claimant was fifty-two years old, had a limited education, and did not have transferable work skills. The ALJ determined, however, that there were a significant number of other jobs which he could perform in the national or regional economy. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 202.11 (the grids) as a framework, the ALJ concluded that appellant was not disabled within the meaning of the Social Security Act. The Appeals Council considered additional evidence submitted by appellant and denied review, making the ALJ's decision the Commissioner's final decision.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 & n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy, given his age, education and work experience. *See id.*

Appellant raises two issues on appeal. He contends that the Commissioner failed to meet her burden at step five of the sequential analysis, because the ALJ's hypothetical question to the VE did not relate with precision all of his impairments. He also argues that the Commissioner violated the treating physician rule or otherwise failed to make a proper assessment of his pain.

At the outset, we are faced with a jurisdictional question involving the timeliness of appellant's notice of appeal. The district court entered final judgment in this case on July 11, 2001. The sixty-day deadline for filing a timely notice of appeal expired on Monday, September 10, 2001. Fed. R. App. P. 4(a)(1)(B), 26(a)(3). Appellant filed his notice of appeal eight days later, on September 18, 2001. Appellant subsequently requested an extension of time to file the notice, by a motion filed within the thirty-day period provided in

Fed. R. App. P. 4(a)(5). The district court granted the motion on October 4, 2001. The district court's approval of appellant's timely motion to extend related back to validate his prior notice of appeal. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 778 (10th Cir. 1993). We conclude that the notice of appeal was timely and that we have jurisdiction.

Before the district court, appellant argued that the VE hypothetical was deficient because it did not include any limitations regarding hearing limitations or pain. Aplt. App., Vol. II at 393-95; *see also id.* at 415-17. In his brief in this court, he seeks to expand his argument to include omitted limitations on walking over uneven surfaces; on stooping, squatting, twisting or climbing; on the need to sit and stand alternatively because of back pain; on the ability to cope with occurrence of dizziness, black-outs and blurred vision; on cold intolerance; and on grip strength. Aplt. Opening Br. at 19-21. We will confine ourselves to those issues presented to and ruled upon by the district court. *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

A hypothetical question to the VE "must reflect with precision all of [the claimant's] impairments, but [it] need only reflect impairments and limitations that are borne out by the evidentiary record." *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). The ALJ's hypothetical question did include a hearing limitation. The ALJ asked the VE to assume that appellant should avoid

"environments with excessive background noise." Aplt. App., Vol. I at 72. Appellant complains that this limitation is inconsistent with the ALJ's RFC finding that he cannot perform tasks requiring "fine hearing acuity or extensive background noise." *Id.* at 21. Basically, he complains that the VE hypothetical should have included a limitation on fine hearing acuity in addition to the background noise restriction.

We reject this argument. A hearing impairment leading to inability to tolerate excessive background noise implies a concomitant lack of fine hearing acuity. Appellant's attempt to draw a distinction between the two conditions is unsupported by any cogent argument. As the district court noted, the VE was present for the hearing, at which appellant's hearing restrictions were discussed in some detail. *Id.* at 68. This being the case, the effect of a slight and technical omission or ambiguity in the hypothetical question, if any, was minimal. *See Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

Appellant also complains that the ALJ did not mention his back and hand pain in the VE hypothetical. In his decision, the ALJ assessed the effect of appellant's pain on his RFC. He found appellant's testimony about pain not fully credible, and determined that appellant has "no limitations on his ability to sit, stand, or walk." Aplt. App., Vol. I at 21. The ALJ's hypothetical question reflected this lack of limitation, and was consistent with his RFC determination.

-6-

The ALJ also incorporated into both his RFC determination and his VE hypothetical limitations on appellant's ability to perform above the shoulder activity, and to use his upper extremities to perform repetitive grasping, handling, and fingering. We conclude that the VE hypothetical adequately reflected the ALJ's conclusions concerning the effect of pain on appellant's ability to work. The ALJ was required to include only those impairments borne out by the evidentiary record. *Decker*, 86 F.3d at 955.

Appellant next argues that the ALJ breached the "treating physician rule" by failing to give controlling weight to the opinions of Dr. Parks and Dr. Seidl. Dr. Parks described the impairment of appellant's upper extremities, opining that it was "not likely [appellant] could return to physical labor in a competitive environment" and that he could no longer work as a sheet metal worker. Aplt. App., Vol. I at 246. He noted that appellant "has increased pain with increased effort along with chronic flexor tendon inflammation, aggravated with sustained gripping, grasping, twisting, turning, lifting, and carrying." *Id.* We perceive no inconsistency between Dr. Parks' opinions and the ALJ's conclusions concerning appellant's RFC. Like Dr. Parks, the ALJ concluded that appellant could not return to his past work as a sheet metal worker or perform other forms of "physical labor" more strenuous than light and sedentary work. The ALJ also concluded that appellant was restricted from performing repetitive grasping,

handling, or fingering, a conclusion not inconsistent with Dr. Parks' opinion that sustained performance of such activities caused appellant pain.

Dr. Seidl opined in a medical source statement that appellant could only sit, stand, and walk for two hours each in an eight-hour work day, and could not work at a competitive pace for eight hours a day, five days a week. *Id.* at 383. He described appellant's pain as "frequently debilitating" and stated appellant could use a screwdriver, but not a wrench. *Id.* at 385. In a medical re-examination report submitted to the Colorado Department of Human Services, Dr. Seidl diagnosed appellant with major depression in addition to his other ailments, and certified that appellant would be unable to work at any job for a period of twelve or more months due to a disabling physical or mental impairment. *Id.* at 382.

Dr. Seidl's medical source statement and medical re-examination report were not available at the time of the ALJ's decision. They were submitted to the Appeals Council, and thereby became part of the record for our review. *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). There is a limit to our use of this after-acquired medical evidence, however. The new evidence is only relevant to the extent it relates to the time period on or before the date of the ALJ's decision, November 25, 1996. 20 C.F.R. §§ 404.970(b); 416.1470(b).

The record does not show that Dr. Seidl saw appellant or became his treating physician prior to December 1996. Dr. Seidl's medical source statement

and re-examination report purport to detail appellant's work limitations as they existed in the fall of 1997, nearly a year after the ALJ's decision. In reaching his conclusion in the medical source statement that appellant was disabled, Dr. Seidl relied on "new studies," Aplt. App., Vol. I at 383, apparently including nerve conduction studies performed on June 3, 1997. *Id.* at 376.

Appellant argues, however, that in reaching his opinion, Dr. Seidl also relied on a 1997 MRI test that showed "stable" findings from a prior August 6, 1996, CT scan. *Id.* at 340. While this factor ties Dr. Seidl's opinion back to evidence received during the relevant period, the "stable" finding is problematic for appellant. The ALJ had the August 6, 1996, CT scan results in front of him when he made his decision, and he discounted them in light of the other evidence concerning the severity of the alleged back impairment. New evidence does not require a change in the ALJ's decision if that decision remains supported by substantial evidence. *O'Dell*, 44 F.3d at 859. To the extent Dr. Seidl relied on CT scan results that had already been discounted by the ALJ, the Appeals Council could easily have found that Dr. Seidl's opinion was not sufficiently supported and consistent with other medical evidence to be entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(d)(2) (treating physician rule); 416.927(d)(2) (same).

Finally, appellant includes several free-standing arguments about the ALJ's evaluation of his pain. These arguments were not presented in his district court briefs. We therefore decline to consider them.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Judge Kane dissents.

Entered for the Court


Terrence L. O'Brien
Circuit Judge